# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|--|--|--|
| FRANK JOHN BARRANCO | * | |
| v. | * | Civil Case No. 18-989-SAG |
| CHESACO MOTORS, INC., et al. | * | |

## MEMORANDUM OPINION

This case has been referred to me for all proceedings by consent of the parties. ECF 39. On July 20, 2018, Plaintiff Frank John Barranco ("Plaintiff") filed an Amended Complaint against Defendants Chesaco Motors, Inc. t/a Happy Travelers RV ("Chesaco"), John Kent, Equipment Repair, Inc. t/a John Kent Auto and Truck Service ("ERI"), and Manufacturers and Traders Trust Company d/b/a M&T Bank ("M&T Bank"), for claims arising out of Plaintiff's purchase of a recreational vehicle ("RV"). ECF 25. Defendants Kent and ERI (collectively "the Kent Defendants") have filed a pre-discovery motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), supported by a memorandum of law. ECF 33. Plaintiff filed an opposition to the motion, and the Kent Defendants have replied. ECF 36, 37. No hearing is necessary to resolve the motion. *See* Local Rule 105(6). For the reasons that follow, I shall grant the Kent Defendants' motion to dismiss.

**I.     Factual Background**

On May 31, 2017, Plaintiff purchased an RV from Chesaco, and was told that an inspection certificate would be provided shortly. ECF 25 ¶ 8. On or about June 2, 2017, Plaintiff arrived at Chesaco to pick up his RV, and was told that the inspection was not yet complete, and that he would have to bring the RV back the following week. *Id.* ¶ 10. Chesaco told Plaintiff not to drive

the RV more than 1000 miles until the inspection was finished. *Id.* Plaintiff took his family on a short trip in the RV, and noted that the RV exhibited numerous problems. *Id.* ¶ 13. Plaintiff returned the RV to Chesaco for repairs. *Id.* ¶ 14. Plaintiff then picked the RV up for a second time, but again returned it to Chesaco for repairs after noting a number of continuing issues. *Id.* ¶ 15.

On June 23, 2017, Kent, "as agent, servant, and/or employee of ERI," performed a vehicle inspection on the RV, and issued an inspection report indicating that the RV had passed. *Id.* ¶¶ 16-17. Four days later, Chesaco informed Plaintiff that the RV had been repaired and had passed inspection. *Id.* Shortly after Plaintiff picked the RV up, it "continued to exhibit dangerous defects" and "stopped running." *Id.* ¶ 17. Plaintiff again returned the RV to Chesaco on July 10, 2017, and the RV remained at Chesaco for approximately six weeks. *Id.* ¶ 18.

In late August, 2017, Plaintiff's attorney provided formal written notice to Chesaco of the continued "problems and defects with the vehicle and breaches of state and federal warranties." *Id.* ¶ 19. The attorney demanded that Chesaco fix the RV. *Id.*

On August 31, 2017, Chesaco returned the RV to Plaintiff, and assured him that it had been completely repaired. *Id.* ¶ 20. At that time, however, Plaintiff noticed significant new cosmetic issues in the interior of the RV. *Id.* ¶ 21.

On October 21, 2017, Plaintiff took the RV to Brooks Ramsey RV to obtain a diagnostic inspection. *Id.* ¶ 22. Brooks Ramsey RV opined that the RV was unsafe to drive, and should be towed. *Id.* ¶ 22.

At a later date (not specified in the Amended Complaint), an expert advised Plaintiff "that the vehicle should not have passed inspection," "was not merchantable and was dangerous and defective at the time of sale, and remains unmerchantable, defective and dangerous." *Id.* ¶ 24. On

January 4, 2018, Plaintiff first sought rescission of the RV sale through M&T Bank, but rescission was denied. *Id.* ¶ 27, 28. Plaintiff filed his original Complaint in this Court on April 5, 2018. ECF 1. The Kent Defendants filed a Motion to Dismiss the original Complaint, citing a series of pleading deficiencies, ECF 17, and Plaintiff responded by filing the Amended Complaint at issue in the instant motion, ECF 25.

## II. Legal Standards

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint or count. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). In a Rule 12(b)(6) motion, a defendant asserts that, as a matter of law, the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

Federal Rule of Civil Procedure 8(a)(2) sets forth the requirements for pleading a claim, specifically that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." That Rule is intended to ensure that defendants have "fair notice" of the claims against them. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

A complaint complies with the relevant pleading standards where it sets forth facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions.") (quotation and citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). The facts alleged must be more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint consisting of "a formulaic recitation of the elements of a cause of action" is also insufficient. *Twombly*, 550 U.S. at 555. Although a plaintiff need not include

"detailed factual allegations," the complaint must contain "enough factual matter (taken as true) to suggest" a viable claim, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Id.* at 555, 556 (internal quotation marks omitted).

A court reviewing a Rule 12(b)(6) motion "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quotations and citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). However, the court need not accept the legal conclusions a plaintiff draws from the facts alleged. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. Analysis

#### A. Count XI – Violation of the Consumer Protection Act

Plaintiff alleges that the Kent Defendants violated § 13-301 of Maryland's Consumer Protection Act, Md. Code Ann., Com. Law § 13-301. ECF 25 ¶¶ 104-11. Section 13-301 defines a variety of "unfair, abusive, or deceptive trade practices." However, Section 13-301 itself contains no prohibition of those practices, and does not provide any remedy for engaging in the practices listed. In fact, "the MCPA does not apply to unfair or deceptive trade practices in *all* contexts. Rather, it prohibits these practices only in the contexts as set forth in § 13-303." *Barimah v. Bank of Am., Inc.*, No. PWG-14-3324, 2016 WL 4089564, at *4 (D. Md. Aug. 2, 2016). Plaintiff acknowledges that he did not plead a breach of § 13-303 in the Amended Complaint. ECF 36-1 at 3 n.1. Because a defendant cannot "violate" the definitional provisions in § 13-301 unless he engages in a prohibited practice under § 13-303, Defendants' motion to dismiss Plaintiff's MCPA claim must be granted.

4

It is worth noting that the facts of this case, as pled, would not permit a cause of action under the MCPA to be sustained against the Kent Defendants even if Plaintiff had pled a violation of § 13-303. Under § 13-303, "the deceptive trade practice must occur in the sale or offer for sale to the consumer." *Morris v. Osmose Wood Preserving,* 340 Md. 519, 541 (1995). Although Plaintiff correctly notes that § 13-303 prohibits deceptive trade practices in connection with the sale of consumer services such as inspections, and not just the sale of goods, the alleged unfair or deceptive trade practice still has to occur in the sale or offer for sale of the consumer services. *See* § 13-303 ("A person may not engage in any unfair or deceptive trade practice, as defined in this subtitle [i.e., 13-301] . . . in (1) the sale . . . of consumer goods, consumer realty, or consumer services; (2) the offer for sale . . . of consumer goods, consumer realty, or consumer services."). Section 13-303 does not bar unfair or deceptive trade practices in the performance or delivery of consumer services after a sale has occurred. *See Richwind Joint Venture 4 v. Brunson*, 335 Md. 661, 683 (1994) ("The CPA applies to a lease at the time the consumer enters into it, and the Act is intended to govern deceptive trade practices which induce the prospective tenant to enter into such a lease.") *overruled on other grounds by Brooks v. Lewin Realty III, Inc.*, 378 Md. 70 (2003)

Here, the alleged unfair or deceptive trade practice by the Kent Defendants occurred on June 23, 2017, when Plaintiff alleges the Kent Defendants passed the RV for inspection even though it did not meet the appropriate standards. ECF 25 ¶ 107. The sale of the RV to Plaintiff, as alleged in the Amended Complaint, had occurred several weeks prior, on May 31, 2017. ECF 25 ¶ 8. Thus, the unfair or deceptive trade practice did not occur in connection with the sale of, or offer for sale of, the RV. Moreover, the Kent Defendants were not hired by Plaintiff to conduct the inspection, and thus there was no "sale or offer for sale" of inspection services to Plaintiff by the Kent Defendants. Essentially, no sale or offer for sale, of either goods or services, could have

5

been affected by the alleged unfair or deceptive trade practice in this case, and no cognizable violation of § 13-303 by the Kent Defendants is presented by the facts alleged in the Amended Complaint.

### B. Count X – Negligence

The other count Plaintiff asserts against the Kent Defendants is a claim of negligence. The elements of negligence under Maryland law are: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of duty." *Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 762 (D. Md. 2015) (quoting *State v. Copes*, 175 Md. App. 351, 370 (2007); *Chi. Title Ins. Co. v. Allfirst Bank*, 394 Md. 270, 290 (2006)). The Kent Defendants argue that Plaintiff has not sufficiently pled the existence of a legal duty owed by the Kent Defendants to Plaintiff, or the existence of damages proximately caused by the Kent Defendants' inspection. ECF 33-1 at 6-7.

Even assuming *arguendo* that the Kent Defendants owed a duty to Plaintiff to protect him from injury despite the lack of privity between them, Plaintiff has not pled facts to establish that the Kent Defendants' inspection was the proximate cause of any loss or injury. The Amended Complaint alleges: "The following losses or injuries proximately resulted from Defendants' breach: owning a vehicle whose value is substantially impaired to him, a vehicle purchased for more than its fair market value, repair and insurance expenses, and other injuries and damages, including stress related damages." ECF 25 ¶ 102. Each of those alleged "losses or injuries" happened as a result of Plaintiff's acquisition and ownership of the RV, which occurred weeks prior to the Kent Defendants' inspection and report. The Amended Complaint does not contain any factual allegations establishing how the Kent Defendants' subsequent actions could have

constituted the proximate cause of the "losses or injuries" he has claimed. With regards to any repair expenses, the only repairs Plaintiff alleges are those done by Chesaco, which Plaintiff specifies were "performed under warranties from Defendant Chesaco," ECF 25 ¶ 30, pursuant to the service contract he paid Chesaco for at the time of sale, *id.* ¶ 9. While the question of proximate cause is generally reserved for the jury, "it becomes a question of law in cases where reasoning minds cannot differ." *Pittway Corp. v. Collins,* 409 Md. 218, 253 (2009) (quoting *Segerman v. Jones*, 256 Md. 109, 135 (1969).

The theory of proximate cause Plaintiff asserts in his opposition to the motion to dismiss, which is not alleged in the Amended Complaint, is that the RV was not properly transferred, because it was not either (1) transferred with a temporary vehicle registration allowing an inspection within 60 days, or (2) transferred with an inspection certificate. ECF 36-1 at 5. Thus, Plaintiff posits, had the vehicle failed inspection on June 23, 2017, Plaintiff's registration would have been invalidated and rescission would have been inevitable. *Id.* at 5-7. Plaintiff's contentions with respect to the connection between the Kent Defendants' actions and his "losses or injuries" had to have been pled in the Amended Complaint, not just stated in the opposition to the motion to dismiss. *See CACI Int'l, Inc. v. St. Paul Fire and Marine Ins. Co.,* 566 F.3d 150, 154 (4th Cir. 2009) (discussing the "Four Corners Rule" limiting federal courts evaluating a 12(b)(6) motion to considering the complaint itself, any documents attached to the complaint, and documents integral to and explicitly relied on in the complaint if the authenticity is unchallenged); *Zachair, Ltd. v. Driggs,* 965 F. Supp. 741, 748 n.4 (D. Md. 1994) *aff'd*, 141 F.3d 1162 (4th Cir. 1998) (explaining that Plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"). Plaintiff's Amended Complaint includes no allegation regarding when titling and registration of the RV occurred, if it occurred at all, and documents

supporting Plaintiff's allegations regarding the registration were not attached to the Amended Complaint or submitted to this Court.

More importantly, however, Plaintiff's logic is flawed. The Kent Defendants were not responsible for the form of the transfer of the RV and its registration when it was sold by Chesaco. According to Plaintiff's own argument, the transfer was deficient at its inception, since Plaintiff neither received an inspection certificate with the transfer, nor a temporary vehicle registration permitting the inspection to occur post-sale. *See* ECF 36-1 at 5. The subsequent vehicle inspection by the Kent Defendants, then, had no effect on the lawfulness of Chesaco's transfer. Accordingly, even if Plaintiff's current legal and factual theory regarding invalidation of the registration had been alleged in the Amended Complaint, it would not fulfill the required element of injury or damage proximately caused by the Kent Defendants' alleged negligent acts.

## IX. Conclusion

For the reasons set forth above, I shall grant the Kent Defendants' motion to dismiss Counts X and XI pursuant to Fed. R. Civ. Proc. 12(b)(6). Because Plaintiff has already had one opportunity to amend his complaint to cure his pleading deficiencies, and because further amendment would be futile for the reasons explained herein, the dismissal will be with prejudice. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Weigel v. Maryland,* 950 F. Supp. 2d 811, 825-26 (D. Md. 2013). A separate Order follows.


Dated: February 1, 2019                 /s/
                                                      Stephanie A. Gallagher
                                                      United States Magistrate Judge